UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JUNIOR PARKER,                              :

                Plaintiff,              : <u>REPORT AND RECOMMENDATION</u>

      -v.-                                 : 07 Civ. 8680 (BSJ) (GWG)

POLICE OFFICER K. LAHAR, <u>et al.</u>,        :

           Defendants.               :

-------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge.**

        The complaint in this matter was filed on October 9, 2007. As of January 14, 2008, no
return of service had been filed with the Court as to any of the defendants. Accordingly, the
Court issued an Order on that date informing plaintiff that he was required either to serve the
summons and complaint on or before February 13, 2008, or to seek an extension of this deadline
by showing good cause for his failure to effectuate service. This Order specifically informed the
plaintiff that his case could be dismissed if he failed to comply with these directives.

        Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is
> filed, the court – on motion or on its own after notice to the
> plaintiff – must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

The 120-day period permitted under Rule 4(m) has expired. To date, there has been no proof of
service filed with respect to any of the defendants in this matter. Nor has there been an
application for an extension of time that shows good cause for such failure. In addition, the
Court's clerk has learned from the Marshal's Service that it has received no request from
plaintiff to effectuate service.

        The Court notes that its latest mailing to plaintiff at the address provided on the
complaint – at the Orange County Jail – was returned as undeliverable with the notation "not in
the facility." This should have no bearing on the dismissal, however, as it was plaintiff's
responsibility to apprise the Court of his current address. <u>See, e.g., Ortiz v. United States</u>, 2002
WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute where
"[p]laintiff has not even fulfilled his minimal obligation to keep the pro se office of this Court

informed of his change of address").

For these reasons, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192 (2d Cir. 2007), this matter should be dismissed without prejudice pursuant to Rule 4(m).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report to file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Honorable Barbara S. Jones, 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Jones. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Dated: March 6, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Returned to chambers for scanning on __3/12/08__.
Scanned by chambers on _____.

2